**Agueda MUNOZ, Petitioner,**

v.

**Peter D. KEISLER \*, Acting Attorney General, Respondent.**

No. 05–75270.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Sept. 27, 2007.

David B. Landry, Esq., San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Le-

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

837

fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Agueda Munoz, a native and citizen of Mexico and lawful permanent resident of the United States, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision finding her removable because she engaged in alien smuggling. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo questions of law. *See Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005). We dismiss in part and grant in part the petition for review.

We lack jurisdiction to review Munoz's contention that the IJ violated due process because she failed to raise that issue before the BIA and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

The IJ's conclusion that Munoz engaged in alien smuggling due to her "mere presence in the vehicle, without more" is contrary to the plain language of 8 U.S.C.

§ 1182(a)(6)(E)(i). *See Altamirano,* 427 F.3d at 591 (concluding petitioner did not violate alien smuggling statute where she knew there was an illegal alien in the car, but she was only a passenger and provided no affirmative act of assistance). We therefore grant the petition for review and remand to the agency with instructions to grant Munoz's motion to terminate removal proceedings against her.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

